# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| --- | --- |
| v. | NO. 18-249-8 |
| HANS GADSON | |

## MEMORANDUM RE: MOTION TO SUPPRESS

**Baylson, J.**  September 5, 2019

Defendant, Hans Gadson, has filed a Motion to Suppress evidence secured from his cell phone, which FBI agents allegedly seized after he was arrested in Woodland Hills, California on March 6-7, 2019.

FBI Special Agent Becker testified at a hearing held on September 4, 2019, as one of the arresting officers. The FBI had secured the arrest warrant for Mr. Gadson and learned of his whereabouts in Los Angeles. He was apprehended near his residence, and after a brief struggle, was transported to a Los Angeles Police Station by Agent Becker and Agent Simpson. Agent Becker testified to giving *Miranda* warnings to Mr. Gadson, and that Mr. Gadson executed the waiver of *Miranda* rights, which was followed by a lengthy verbal interview, lasting over one hour. The transcript of the interview was marked as an exhibit at the hearing.

The cell phone had been taken from Mr. Gadson as he was being arrested. There was apparently no mention of the cell phone or its contents during the interrogation of Mr. Gadson. Following the interrogation, on the way to the detention center, Agent Becker testified that he verbally asked Mr. Gadson if he would consent to the FBI searching the phone or would he require a warrant. According to Agent Becker, Mr. Gadson stated that he would consent, but added "there is nothing on it."

The Government, recognizing Riley v. California, 573 U.S. 373 (2014) (holding that a

warrant is generally required to search a cell phone seized pursuant to an arrest in the absence of the applicability of another exception), asserts that Mr. Gadson's verbal consent obviated any constitutional requirement to obtain a warrant to search the cell phone.

Mr. Gadson testified at the hearing largely in accord with Agent Becker's testimony, but differed on the issue of his giving consent to search the cell phone. Mr. Gadson testified that he acknowledged that Agent Becker asked him about the cell phone but Mr. Gadson stated that he did not give consent, but asserted that the FBI should secure a warrant.

There was direct testimony by Mr. Gadson about the "code" of his cell phone, necessary to unlock or use the phone. He testified that he did not remember the cell phone number, did not remember the code, nor did he give the code to the FBI.

There had been no testimony about the code for the cell phone during Agent Becker's testimony.

After Mr. Gadson testified that he had not revealed the code, the Court inquired whether Agent Becker had any recollection of discussing the code with Mr. Gadson. After consultation with Agent Becker, the AUSA stated, when asked for an offer of proof as to any rebuttal testimony by Agent Becker, that the agent could not recall any discussion about the code during the discussion about the cell phone. The AUSA added that the Government had not processed the phone to secure the contents of the phone without knowing the code, as it apparently has the ability to do so. However, since the Government now possesses the contents of the phone, it is inferable that Mr. Gadson gave the code to the agents.

The Court, faced with a dispute about whether there was actual consent or not, determines that Agent Becker's credibility deserves more weight than Mr. Gadson. The primary reason for

2

this finding is that Mr. Gadson's assertion, that he denied consent to search the phone, is totally inconsistent with his behavior that day. Mr. Gadson waived his *Miranda* rights, and gave a lengthy statement to the FBI, which included many incriminating statements. Certain parts of the transcript show that Mr. Gadson was attempting to be completely honest and candid with the agents in his knowledge of the conspiracy alleged in the indictment.

Mr. Gadson's assertion, that he completely reversed his intent to admit criminal conduct, after he completed his lengthy somewhat incriminating statement, is not credible. Mr. Gadson did not explain any reason to change his intent to cooperate when asked about consenting to the cell phone search while traveling in the vehicle.

Furthermore, if Agent Becker was not being credible about his recollection that Mr. Gadson consented, he could have bolstered his testimony by asserting that Mr. Gadson had disclosed the code to unlock the phone at the same time that he consented to allowing the FBI to search the phone without a warrant. However, as the Government's offer of proof related, Agent Becker did not have any recollection about the code.

Given the overall interests of these witnesses, their demeanor, and their substantive testimony, the Court finds that Mr. Gadson did consent to the FBI searching his phone and therefore the Motion to Suppress will be DENIED.

O:\Criminal Cases\18cr249 US v West et al\18cr249 Gadson Memorandum.docx

3